

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2006

# USA v. Hamani

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hamani" (2006). 2006 Decisions. Paper 1393.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1393

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2181
_____

UNITED STATES OF AMERICA

v.

WALI S. HAMANI a/k/a
WALLACE J. CLEMONS


Wali Hamani,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cr-00106)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*.

(Filed: March 23, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Wali Hamani pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced by the District Court to a term of imprisonment of 180 months. The sentence was based, in part, on the District Court's finding that Hamani qualified as a career offender under the United States Sentencing Guidelines. Hamani argues on appeal that this determination must be made by a jury beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and will affirm.

I.

On August 28, 2003, Hamani robbed the Fleet National Bank in Egg Harbor Township, New Jersey. He entered the bank, placed a brown paper bag on the counter, stated that he had a bomb, and demanded money. When the teller did not respond immediately, Hamani reached over the counter and grabbed cash totaling $4,571.00, as well as numerous checks. He was apprehended while fleeing the scene.

Hamani subsequently pled guilty to bank robbery, an offense that carries a maximum sentence of twenty years imprisonment. *See* 18 U.S.C. § 2113(a). In the plea agreement, the parties stipulated that (1) the Guidelines prescribed a base offense level of 20, (2) Hamani was subject to a two-level increase because he took the property of a financial institution, and (3) he was entitled to a two- or three-level reduction in his offense level for acceptance of responsibility. The agreement did not address other

2

enhancements or adjustments under the Guidelines. During the plea colloquy, the District Court informed Hamani that the plea stipulations were not binding on the court.

A sentencing hearing was held on April 8, 2005. Over Hamani's objection, the District Court found, by a preponderance of the evidence, that he was a "career offender" under section 4B1.1 of the Guidelines. It noted that Hamani's prior criminal history included convictions for robbery and aggravated assault, both of which are considered "crime[s] of violence" under sections 4B1.1 and 4B1.2, qualifying Hamani as a "career offender."[1]

The career offender enhancement increased Hamani's offense level from 22 to 29, and his criminal history category from IV to VI. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). His final Guidelines range of imprisonment was increased from 63 to 78 months to 151 to 188 months.

The District Court sentenced Hamani to 180 months imprisonment and three years supervised release. This timely appeal followed.

---

[1]Under section 4B1.1, a defendant is subject to the career offender enhancement if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(a).

3

II.

Hamani argues on appeal, as he did at sentencing, that the District Court's finding that the instant offense and the prior state convictions were "crime[s] of violence" violated his rights to a jury trial and to proof beyond a reasonable doubt. We disagree.

The Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), rendered the Guidelines merely advisory by excising two provisions of the Sentencing Reform Act of 1984. We have recognized, in light of *Booker*, that judicial factfinding under the Guidelines no longer implicates the right to a jury trial and that the facts underlying Guidelines enhancements are properly found by the court by a preponderance of the evidence. *See United States v. Cooper*, No. 05-1447, 2006 WL 330324, at *4 (3d Cir. Feb. 14, 2006); *see also United States v. Davis*, 407 F.3d 162, 163 (3d Cir. 2005). Thus, the District Court's determination under the Guidelines that the instant offense and Hamani's prior convictions were "crime[s] of violence" did not violate his rights to a jury trial and to proof beyond a reasonable doubt. Accordingly, we will affirm the judgment of sentence.[2]

---

[2]Because the rights to a jury trial and to proof beyond a reasonable doubt do not apply to these facts, we need not address the potential application of the prior-conviction exception recognized in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In addition, Hamani does not argue that his sentence was unreasonable, and thus we need not consider the reasonableness of his sentence.